IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-08-635 |
| | § | (C.A. No. C-10-229) |
| DOMINGO ARROYO-ARIAS, | § | |
| Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER DENYING IN PART MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE, AND ORDERING MOVANT TO FILE AFFIDAVIT DESCRIBING THE FACTUAL BASIS OF CLAIM**

Pending before the Court is Defendant Domingo Arroyo-Arias' (Arroyo-Arias) motion and Affidavit pursuant to 28 U.S.C. § 2255. D.E. 54, 55. The United States filed its response to the motion. D.E. 58. Arroyo-Arias filed his Reply. D.E. 60.

The United States is ORDERED to file the affidavit of defense counsel with this Court within 20 days responding to Arroyo-Arias' claims that his attorney was ineffective because he failed to conduct an adequate investigation, forced Arroyo-Arias to go to trial, and failed to attempt to negotiate a plea agreement. For the reasons stated below, Arroyo-Arias' remaining claims are DENIED.

### I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

### II. FACTUAL BACKGROUND

Domingo Arroyo-Arias was stopped at the Sarita, Texas border checkpoint in August 2008. D.E. 1. While Arroyo-Arias was being questioned about his immigration status, a drug

dog alerted to the Chevrolet Cavalier he was driving. Id. During secondary inspection, Border Patrol Agents found a hidden compartment under the driver's floorboard that contained seven bundles that were determined to be cocaine. Id.

Arroyo-Arias was arrested, waived his Miranda rights, and agreed to speak to the agents without an attorney. Id. Agents from the Drug Enforcement Agency then questioned Arroyo-Arias. Arroyo-Arias explained that he had lived with a man and his family in Houston for a month and then drove them to Matamoros, Mexico. Arroyo-Arias only knew the man as "El Burro." He claimed did not know the names of any of the family members. "El Burro" paid Arroyo-Arias to get insurance on the Cavalier because "El Burro" was a Mexican citizen and could not purchase insurance in the United States. Arroyo-Arias originally claimed that he owned the Cavalier, but in his post-arrest statement admitted that he did not know who owned it. Before he crossed the border, Arroyo-Arias suspected the car contained contraband, probably marijuana. "El Burro" was going to pay him $5000 to drive the Cavalier back to Houston and leave the car at a hotel with the keys under the floor mat for an unknown male. Id.

Defense counsel was appointed for Arroyo-Arias the day he was arrested. D.E. 4. Arroyo-Arias was ordered detained pending trial. D.E. 7. The indictment against Arroyo-Arias was issued in September 2008, charging him with one count of possession with intent to distribute more than 5 kilograms, approximately 6.83 kilograms, of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). D.E. 8. Arroyo-Arias was arraigned and informed of the charge against him and the potential range of punishment in September 2008.

The case proceeded to trial.

Trial was held on November 3, 2008. The jury found Arroyo-Arias guilty on the sole count of the indictment. D.E. 22. A Presentence Investigation Report (PSR) was ordered. Sentencing was held in January 2009. D.E. 13, 26. Arroyo-Arias was sentenced to 132 months, a mid-Guideline sentence. D.E. 30. He timely appealed. D.E. 27.

On appeal, Arroyo-Arias challenged his conviction claiming that the government had to prove that he knew the drug type or quantity he was carrying. Arroyo-Arias did not know what kind of contraband was in the vehicle according to his statement to Border Patrol agents. The Fifth Circuit affirmed, holding that the evidence was sufficient to sustain his conviction. D.E. 48.

Arroyo-Arias timely filed his § 2255 motion.

### III.  MOVANT'S ALLEGATIONS

Arroyo-Arias brings several claims of ineffective assistance by his defense counsel. Initially, he claims that defense counsel failed to perform an adequate pretrial investigation to develop a defense prior to trial in a case in which Arroyo-Arias had already confessed his guilt. D.E. 54, Ground One.

Next Arroyo-Arias claims his defense counsel failed to attempt to negotiate a plea agreement with the government, but insisted that Arroyo-Arias proceed to trial. As part of this ground, Arroyo-Arias contends that counsel insisted that the government's evidence was insufficient to support the drug trafficking charge. D.E. 54, Ground Two. Ground Three also contends that defense counsel forced Arroyo-Arias into proceeding to trial after Arroyo-Arias

had already confessed guilt.

In his fourth ground, Arroyo-Arias complains that counsel erroneously advised him that the mandatory minimum sentence for his crime was five years and that counsel's recommendation that Arroyo-Arias proceed to trial was risky when the evidence of his guilt was overwhelming. Id. at Ground Four.

## IV.   ANALYSIS

### A.   28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). "[A] collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584 (1982).

### B.   Standard for Ineffective Assistance Claims in § 2255 Motions

An ineffective assistance of counsel allegation presented in a section 2255 motion is properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466

U.S. 668, 104 S. Ct. 2052 (1984). United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that counsel's performance was both deficient and prejudicial. Id. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. United States v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001). If the movant fails to prove one prong, it is not necessary to analyze the other. Armstead v. Scott, 37 F.3d 202 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one").

When evaluating whether counsel's performance was deficient, judicial review of the performance "must be highly deferential, and courts must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Galvan v. Cockrell, 293 F.3d 760, 764 (5th Cir. 2002). A court reviewing a claim of ineffective assistance of counsel begins with the presumption that counsel's performance was reasonable. See United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999). The movant has the burden of proof to show that his counsel was ineffective. See United States v. Chavez, 193 F.3d 375, 378 (5th Cir. 1999).

### C.   Counsel's Alleged Erroneous Advice on Sentencing

Arroyo-Arias contends that his defense counsel told him the mandatory minimum sentence applicable to him was five years, rather than ten. D.E. 54, 55. During arraignment Arroyo-Arias appeared before a magistrate judge who advised him that the minimum

sentence was 10 years with a maximum sentence of life imprisonment. Minute Entry 9/29/2008, Arraignment (Digital Recording 8:21:05-45). Arroyo-Arias stated that he understood the punishment range. Id. at 8:21:45. Arroyo-Aria pled guilty. His trial took place approximately six weeks later. The statute under which Arroyo-Arias was charged provides the mandatory minimum sentence of ten years. 21 U.S.C. § 841(b).

Although in some cases an attorney's failure to advise a criminal defendant of the correct range of punishment may fall below the wide range of professional assistance, in this case, even if counsel mistakenly advised Arroyo-Arias, there can be no prejudice. Arroyo-Arias was informed 6 weeks before trial of the appropriate sentencing range, Arroyo-Arias can not show prejudice from his lawyer's alleged misstatement of the sentencing range. This ground fails.

### D.     Claims on Which More Evidence is Required

The theme throughout Arroyo-Arias' motion and supporting documents is that his court appointed defense counsel failed to properly investigate before trial; without doing the necessary investigation, counsel allegedly informed Arroyo-Arias that the government could not prove its case; and without making any effort to negotiate an appropriate plea agreement, counsel insisted that Arroyo-Arias proceed to trial in a case in which Arroyo-Arias admitted guilt after he was arrested in his statement to law enforcement. More evidence is necessary to evaluate these claims.

## V.  CONCLUSION

In light of the remaining claims, the government is ORDERED to file the affidavit of defense counsel within 20 days from the date of this order.

ORDERED April 8, 2011.

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　HAYDEN HEAD
　　　　　　　　　　　　　　　　SENIOR U.S. DISTRICT JUDGE