IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>     Plaintiff/Respondent,<br><br>V.<br><br>DOMINGO ARROYO-ARIAS,<br>     Defendant/Movant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CR. No. C-08-635<br>(C.A. No. C-10-229) |

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE, AND DENYING CERTIFICATE OF APPEALABILITY

Pending before the Court is Defendant Domingo Arroyo-Arias' (Arroyo-Arias) motion and Affidavit pursuant to 28 U.S.C. § 2255. D.E. 54, 55. The United States filed its response to the motion. D.E. 58. Arroyo-Arias filed his Reply. D.E. 60. Defense counsel filed his Affidavit (D.E. 65-1) and an evidentiary hearing was held. After considering all of the evidence, Arroyo-Arias' remaining § 2255 claims are DENIED and he is DENIED a certificate of appealability.

### I. PROCEDURAL HISTORY

This is the Court's second Order addressing the merits of Arroyo-Arias' motion to vacate. The background of this case is set out in the Court's prior Order dated April 8, 2011, and will not be repeated. D.E. 61. Counsel was appointed for Arroyo-Arias and an evidentiary hearing was held August 1, 2011. D.E. 66, Minute Entry 8/1/2011.

### II. MOVANT'S ALLEGATIONS

Arroyo-Arias brings several claims of ineffective assistance by his defense counsel

that required an evidentiary hearing. First, Arroyo-Arias claimed defense counsel failed to perform an adequate pretrial investigation in a case in which Arroyo-Arias had already confessed his guilt. D.E. 54, Ground One. Second, he claimed counsel failed to attempt to negotiate a plea agreement with the government. Third, counsel insisted that Arroyo-Arias proceed to trial. As part of this ground, Arroyo-Arias contends that counsel insisted that the government's evidence was insufficient to support the drug trafficking charge. D.E. 54.

## III. ANALYSIS

### A. Evidentiary Hearing on Ineffective Assistance of Counsel

Counsel for Arroyo-Arias called two witnesses, former defense counsel, an attorney with the Federal Public Defender's office, and Arroyo-Arias.

*1. Counsel's testimony*

Former counsel testified that he had reviewed all of the material available from the government, including Arroyo-Arias' statements. According to Arroyo-Arias' statement on the day of his arrest, Arroyo-Arias believed that the car had marijuana hidden in it. When agents searched the vehicle, they found cocaine.

Counsel interviewed his client. Counsel told his client that the government had statements from him in which he admitted he knew that drugs were in the car he was driving. According to counsel, Arroyo-Arias told counsel that the law enforcement officers got his statement wrong, that he did not admit that he knew there were drugs in the car because he did not know there were drugs.

Counsel testified that he explained the legal process to Arroyo-Arias including trial. He explained to Arroyo-Arias that if he knew there were drugs in the vehicle he could plead guilty or go to trial. Counsel also explained the benefit of pleading guilty–that Arroyo-Arias would get credit for acceptance of responsibility and possibly a downward departure based upon safety valve and for substantial cooperation, which would reduce his sentence. Counsel testified that he believed it would have been in Arroyo-Arias' best interest to plead guilty and cooperate under the facts of this case if he could honestly do so. He advised Arroyo-Arias of his assessment. He testified that he predicted to Arroyo-Arias that he would be convicted based upon his statements at the checkpoint. Counsel testified that he also told Arroyo-Arias that if he did not know the drugs were in the car, his only choice was to go to trial.

Counsel testified that he did not attempt to negotiate a plea agreement because in this district, counsel did not believe that the standard agreements, which require a defendant to give up his right to appeal and his right to file a § 2255 motion, were generally helpful to his clients. In this district, his experience has taught him that clients who plead guilty will ordinarily get a Guideline sentence and receive credit for acceptance of responsibility, even without a plea agreement with the government, without having to give up valuable rights.

Counsel did not file discovery motions in this case because there did not appear to be anything missing from the material provided by the government. Because Arroyo-Arias denied knowing the name of El Burro or any of his family members, there was no investigation to pursue at that end. Arroyo-Arias denied to counsel that his family in Mexico

3

knew anything about the events. Arroyo-Arias did not own the car he was driving, such that the car also did not appear to be a fruitful avenue of investigation. Counsel did not believe that the checkpoint video was likely to be useful. He did not believe there was a legitimate basis to attempt to suppress Arroyo-Arias' statements or the fruits of the search. Counsel finally testified that he did not consider this to be a good trial case.

After trial and Arroyo-Arias was convicted, counsel urged him to cooperate with the government and to debrief to obtain a downward departure for safety valve, but Arroyo-Arias was not interested. At sentencing, the Court inquired along these lines and counsel responded that Arroyo-Arias had not debriefed even though counsel had explained safety valve and the benefits of substantial cooperation. D.E. 40 At 5-6.

2. *Arroyo-Arias' testimony*

Arroyo-Arias admitted that counsel met with him multiple times before the trial. He claimed he told counsel that he knew there were drugs in the car he was driving, but he thought it was marijuana. He claimed he did not understand the process of a trial and that counsel did not explain it to him. He further testified that counsel did not explain to him point by point what he should do to make the best decision about how to proceed. He testified that he had an 8th grade education in Mexico and could read and write Spanish.

Through appointed counsel, Arroyo-Arias submitted five exhibits for the hearing, which were admitted without objection.[1]

---

[1] The exhibits consisted of, 1) Criminal Complaint (D.E.1), 2) DEA 6 Offense report, 3) Trial Transcript (D.E. 39), 4) U.S. Marshall Visitation Log showing 8 visits by counsel between

4

B.  **Resolution of Remaining Claims**

As set out in detail in this Court's prior order (D.E. 61), in order to prevail on a claim of ineffective assistance, a movant must prove both prejudice and conduct outside the broad range of reasonable professional assistance. United States v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001).

As to Arroyo-Arias' claim that trial counsel's investigation was deficient, Arroyo-Arias suggested that counsel should have obtained the checkpoint video but did not prove that there was anything on that video that would have changed the outcome. Assuming, without deciding, that counsel should have done so, there is no evidence of prejudice from counsel's failure to do so. This claim is DENIED.

As to the claim that counsel should have negotiated a plea agreement, counsel explained his professional judgment that plea bargains in this division are not favorable to a defendant and require a defendant to give up valuable rights that are disproportionate to the benefits obtained. Counsel's decisions based upon the exercise of his professional judgment are generally immune from challenge. See Wiggins v. Smith, 539 U.S. 510, 521 (2003) ("'[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'"). Counsel's assessment of the benefit of a plea agreement in comparison with the downside to his client, is such a judgment. The claim that counsel was ineffective for failing to attempt to negotiate a plea agreement is DENIED.

---

8/28/2008 and 11/03/2008, and 5) Sentencing Analysis.

Finally, the testimony of counsel and Arroyo-Arias directly conflict on the critical question of whether Arroyo-Arias denied knowledge of the drugs in the car to his counsel and on the question of whether counsel informed Arroyo-Arias of his choices. Counsel testified he did. Arroyo-Arias testified that counsel did not. This Court is required to determine credibility in such circumstances and in this case finds counsel more credible. Arroyo-Arias' claim that counsel forced him to trial is DENIED.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Arroyo-Arias has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could

debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Arroyo-Arias is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. See Jones, 287 F.3d at 329.

## V. CONCLUSION

For the foregoing reasons, Arroyo-Arias' motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 54) is DENIED. He is also denied a Certificate of Appealability.

ORDERED this 9 day of Aug 2011.

_____
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE